# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1947 | **DATE** | 5/22/2013 |
| **CASE TITLE** | Custer v. Walgreen Co. | | |

**DOCKET ENTRY TEXT**

Custer's motion to proceed *in forma pauperis* [3] is granted.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On March 13, 2013, Plaintiff Richard Custer filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons set forth below, Custer's Motion to Proceed *in forma pauperis* is granted.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Custer to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Custer need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Custer is not currently employed and lives with his mother. While his mother receives social security income, owns her residence and owns a car, it appears that the only income Custer receives is $200 per month in public assistance aid. He does not own a home, a car, or possess any other assets of value. Based on these facts, Custer's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Custer's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). This means that Custer's Complaint must allege facts that, if accepted as true, plausibly state a claim to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

|**STATEMENT**|
|---|

Custer's Complaint alleges that Defendant Walgreen Co., his former employer, discriminated against him based on his disabilities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* This statute prohibits employers from discharging employees based on their disability or from refusing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(a), 12112(b)(5)(A). To establish a claim under the ADA, a plaintiff must show: (1) that he is disabled within the meaning of the ADA; (2) that he is qualified to perform the essential functions of his job either with or without reasonable accommodation; and (3) that he suffered from an adverse employment action because of his disability. *See Kersting v. Wal-Mart Stores, Inc.,* 250 F.3d 1109, 1115 (7th Cir. 2001).

The Complaint alleges that Custer was employed by Walgreens as a cashier. It further alleges he suffers from glaucoma, congenital spinal stenosis, and carpal tunnel syndrome among other afflictions. These afflictions cause him to be unable to stand for periods longer than three hours. He requested a reasonable accommodation to be able to sit periodically, which would have enabled him to perform the essential functions of his job. This request was refused. After Custer went on medical leave for back surgery, Walgreens refused to let him return to work. Assuming, as the Court must, that these allegations are true, Custer's allegations sufficiently state a claim under the ADA. Custer also appears to have met all of the procedural requirements necessary for filing a claim in federal court for a violation of the ADA. Accordingly, Custer's motion to proceed *in forma pauperis* is granted.